(7 Misc. Rep. 309.)

### BURCKLE v. SHANNON.

(Common Pleas of New York City and County, General Term. February 28, 1894.)

LANDLORD AND TENANT—EVICTION—RECORD OF FORMER ACTION.

> In an action for rent, defendant pleaded eviction and a former adjudication, and introduced in evidence a record, which showed that the tenant theretofore sued the landlord for damages because of defects in the premises. The landlord counterclaimed for rent, and the trial resulted in a judgment for the tenant for a certain sum over the amount claimed for rent. *Held,* that such record did not prove an eviction.

Appeal from eleventh district court.

Action by Margaret Burckle against David Shannon for rent. From so much of a judgment as failed to adjudge that such plaintiff was entitled to recover the sum of $150, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Arnoux, Ritch & Woodford, for appellant.
Hirsh & Rasquin, for respondent.

GIEGERICH, J.    To an action for rent, the defendant pleaded eviction and a former adjudication.    None but record evidence was submitted by the parties; the plaintiff's case resting upon the pleadings, and the defendant's upon the record of a former action between the parties in the city court of Brooklyn, and a stipulation as to facts entered into by the parties to obviate the production of witnesses.    The lease under which the relation of the parties subsisted provided for rent at the rate of $50 per month, and this action was brought for the rent due for the months of December, 1891, and January and February, 1892.    That such rent was unpaid was admitted by the stipulation, and the allegations of the complaint, generally, were admitted, the defense being confession and avoidance.    The former adjudication upon which the defendant relied was in an action of the nature following:    This defendant there brought suit against his landlord, the plaintiff herein, for damages sustained by reason of the imperfect construction of an ice house upon the premises demised by the lease now in question.    To that action was counterclaimed the rent for the months of September, October, and November, 1891; and, to the counterclaim, eviction was set up by reply.    The trial resulted in a verdict for this defendant for $41, over and above the amount claimed for the rent; the jury being instructed to find for the defendant, this plaintiff, upon that issue.    The ground of this instruction was that the plaintiff in that action had retained possession of the premises by leaving his goods thereupon.    Neither party appealed from the judgment, and this ruling stands as the accepted law of the case.    According to the stipulation in this action, the defendant removed his goods on December 19, 1891; and the justice, following the ruling above noted, rendered judgment for the plaintiff for $50, the amount of rent for the month of December.    In that the judgment was not rendered for the full three months' rent, lies the appellant's grievance.

The result of the former action was that this defendant had suffered damage, for which he was thereby compensated; that there had been no eviction at that time which could be available as a defense to the rent; and that this plaintiff was entitled to the rent there claimed.    The former adjudication as to this cause of action, viz. the rent, even if it might be considered as bearing upon the rent subsequently accruing, is an adjudication adverse to the defendant.    As an adjudication of eviction, it manifestly fails.    It is conceded that upon the 1st of December the position of the defendant was the same as during the period embraced within the determination of this prior judgment.    Thus, the record in evidence is no proof of an eviction occurring before the period for which the rent in this action is demanded.    It is, indeed, squarely to the contrary. How, then, can the fact, as conceded, that the defendant removed from the premises subsequent to this above-mentioned date, of its own force effect a suspension of the rent?    In the absence of any evidence that the premises were wholly or partially untenantable at the time when the rent for which this action is brought accrued,

the defendant's case is obviously insufficient, and there is unquestionable merit in the appeal. The judgment, as appealed from, should be reversed, and a new trial ordered, with costs to the party there prevailing.